Mr. Meyer, when you're prepared, please proceed. Good morning. May it please the Court, Mr. Bobracek. My name is Mark Meyer. Could you raise the podium up just a little bit there? But it should be, I think, to your right. My name is Mark Meyer. I'm representing Dion Clayborn in the case of the Northern District of Iowa. This is another challenge to the career offender guidelines. Mr. Clayborn asserts a couple different challenges to the application of the guidelines in his case. He was convicted of possessing with intent to distribute heroin on a particular day in Cedar Rapids, Iowa. His two prior career offender predicates include conviction in Iowa for possession with intent to deliver marijuana, and there was an old Illinois conviction when he was a young man. Do you agree with the government's brief that the Seventh Circuit decision in Redden, which I haven't read yet, categorically declared the Illinois conviction a controlled substance offense? No, I haven't read that case either. If you wanted to challenge what they had in their brief, I wanted to hear it. Okay. Go ahead. What qualifies as a controlled substance offense is, with respect to drug offenses at least, is an offense under federal or state law that prohibits, and then there's a string of words, manufacture, import, export, distribution, or dispensing of a controlled substance. I think a reasonable reading of those words together indicate conduct that involves some sort of commercial activity, selling. The word distribute doesn't on its face. Well, maybe standing alone it could be ambiguous. I mean, it could be transfer, it could be sale. It's clearly broader than commercial. Just to distribute. We distribute things to our family and friends all the time in non-commercial situations. That may be the case, but I suspect that we don't manufacture things for our family or import or export them or dispense them in the sense that they come to a store and ask, give us a script and we'll hand them. Any cases that indicate that distribution should be considered a greater term of art than delivery or some other? Well, no, I don't. Excuse me, Your Honor. This is an argument that I'm making that I think flows from the text of the guideline and also the original purpose of Congress stated in describing what sort of offenses should be career offender predicates. And it was clear then that they were talking about drug traffickers. You're aware we have lots of drug trafficking cases where it doesn't require, where merely giving a controlled substance to a friend is sufficient. Right. And those may be deliveries or transfers and violate the law for sure. But to the extent that a statute makes those illegal and then the consideration is, well, are those career offender predicates? Our argument in essence is that just a mere transfer delivery or statutes that make those illegal are broader than what the Congress intended or not, excuse me, what the commission intended by promulgating the guidelines for controlled substance offenses. And so that's point number one. Just based on what Congress said, based on the language in the guideline, that any statute that makes it criminal just to transfer or give away controlled substances are too broad, fail the categorical approach, they're overbroad. So that's one reason for, and I don't think, like I said. But doesn't the overbroad have to be more than theoretical? Would it have to be more than theoretical? Right. More than just a possibility that maybe the statute could be applied. Oh, no. The Iowa statute in question definitely covers more ground than commercial or the distribution for sale or than selling. I'm not, there's clear evidence that you can, based on the case law, that you can be convicted in Iowa and Illinois too, I think, for just even thinking about selling or giving away drugs. And Mr. Claiborne's conviction in Iowa wasn't clear. You know, he wasn't charged with the type of offense. There are offenses in Iowa that specifically provide for enhanced penalties if the quantity is significant. Those would be crimes that would involve presumably commercial distribution, right? But he wasn't charged with that crime. He was just charged with some manner of transferring a controlled marijuana. So, our other argument is that the court, the judge, the district court judge determined that an old Illinois conviction was within the 15 years for reaching back and determining whether, and including that offense as a career offender predicate. And our argument is that, and he did so on the basis of relevant conduct. The judge said, though, even though the offense charged was that on a certain day that Mr. Claiborne possessed heroin. They felt that the 4A1.2 commentary was too broad for the guideline it was interpreting? Yes. Yeah, that's the argument. Do we have case support for that argument 4A1.2 commentary is broader than the guideline it purported to interpret and therefore not valid? Well, I don't have case law one way or the other, Your Honor. I'm making the argument that. I know, but guideline commentary, that's a pretty steep hill to climb. It is a steep hill to climb, Your Honor. The Supreme Court has basically said guideline commentary is controlling. Well, you were the author of Mendoza Figueroa, for sure. And I know that you took that position. And not just you, that's pretty broad. But if the commentary exceeds or is clearly inconsistent with the guideline itself, then it's not controlling. And that's what we're arguing because the relevant conduct sections of the sentencing guidelines specifically indicate that relevant conduct is to be applied in terms of offense conduct. In chapters 1, 2, and 3, the career offender is in chapter 4. And so we're saying that you can't use the concept that there's no basis in the guidelines apart from the commentary for using relevant conduct in determining what the date of the offense of conviction was. Doesn't the Rosencrantz case cut against your argument? I'm not sure, Your Honor. Well, I'll reserve the remaining 20 seconds I have for rebuttal. Thank you. Thank you, Mr. Meyer. Mr. Verchek. May it please the court, counsel, Tim Verchek for the United States from Cedar Rapids, Iowa. I'll pick up, Judge Grunder, with the Rosencrantz case. I apologize that wasn't in our brief. I found it last night as a matter of fact. And it appears to be controlling. And I would be happy to file a 28-J letter for the panel if the panel would so like. The site on that case is 236 F 3rd, 976 at 978. That is an opinion that Judge Loken authored in 2001 for the panel. And in that case, it addressed, as far as I can tell, exactly the argument here that Note 8 is simply clarifying that the usual 1B1 and 1B1 commentary, that instant offense is to be distinguished from offense of conviction, for example, by incorporating relevant conduct. With respect to Mendoza-Figueroa, again, I won't belabor that point as well. But Mendoza-Figueroa is controlling en banc decision from 1995. We filed a 28-J letter earlier this week talking about some of the developments in the circuits. Just from my perspective, the point on that is that the other circuits believe that Mendoza-Figueroa is still controlling in the A circuit. And so being an en banc decision, it should control this panel. Well, what do you make of the split in the circuits in terms of an understanding of the comment? Well, you know, the Winstead case certainly has reinvigorated or brought new life to the circuit split that Judge Loken had talked about in the en banc Mendoza-Figueroa case from 1995, but the arguments would appear to be the same. And when I read the, for example, the unpublished James case from this circuit in October did affirm that this courts en banc decision in Mendoza-Figueroa was still binding, even though Winstead's out there. And it put Mendoza-Figueroa on one side of the circuit split. One other thing I'll add is in the Adams case from the Seventh Circuit, it did talk about how the Sentencing Commission, and of course, this court's bound to follow Mendoza-Figueroa, but the Sentencing Commission had promulgated a, was going through the process of promulgating a rule change to put that commentary up in the note to resolve the circuit split, but the Sentencing Commission lacks a quorum. So it's sort of in stasis right now. But in any event, this court should follow Mendoza-Figueroa. With respect to the argument about a commercial aspect, we would urge the court to apply the plain language of the relevant statutes in 4B1.2, which none of those require a commercial sale. And as Judge Grunder noted, you know, there's all sorts of cases from this circuit. I think we only cited about a couple, but that a sale, a commercial sale is not required. But here the defendant would have to do something more than that. The defendant would have to show that the Illinois and Iowa convictions of which he had were somehow broader than 4B1.2. And we just don't see that either. Judge Loken, you had brought up the Redden case, and we do believe that's cited in our brief. We do believe that, at least for the Seventh Circuit, holds that delivery just comes within 4B1.2 for the Illinois crime because transfer is just another word for distributor dispense. And in that case, they cite a definitional statute, 720 Illinois Code 570-102, subparagraph H. With respect to the Iowa statute, I would stress the Maldonado case, which talked, albeit in the context of offers to sell, Judge Grunder had written that opinion for that panel and held that that statute wasn't overbroad for purposes of the career offender predicate. Unless there are any other questions of this panel, I would cede the balance of my time and request that the court affirm the defendant's conviction and sentence. I see none. Thank you. Thank you, Mr. Vavrochet. Mr. Meyer, your rebuttal. My final comment would be that even assuming there's no stinson problem with adding the words attempt, aid and abet, or conspiracy to the commentary, nonetheless, the Iowa aiding and abetting statute is broader than the federal definition of aiding and abetting. And therefore, applying a categorical approach to the Iowa statute would also not be a career offender predicate. Thank you. Thank you, Mr. Meyer. The court notes that your representation today is under the Criminal Justice Act. And we thank you for being a part of a panel and helping in that regard.